Aultman v. Reams.

C. AULTMAN & CO., PLAINTIFF IN ERROR, V. ANDREW J.
REAMS, DEFENDANT IN ERROR.

1. **Replevin:** RIGHT OF PLAINTIFF TO DISMISS WITHOUT PREJU-
   DICE. In an action of replevin, where the property has been
   replevied and delivered to the plaintiff, it is not error for the
   court to refuse to allow the plaintiff, after the trial has com-
   menced, to dismiss the case without prejudice to a future action.

2. **Instructions to Jury.** It is the duty of the jury to find a
   verdict according to the law as given in the instructions of the
   court. When they clearly violate this duty, the court should
   set aside their verdict. The refusal of the court to do so, upon
   proper application of the aggrieved party, is error.

ERROR to Franklin county district court.

This is an action brought on a promissory note by
the plaintiff in error in the district court of Franklin
county. The note was for $500, and given for a thresh-
ing machine. On the trial plaintiff called defendant as
a witness to prove his signature to the note, and de-
fendant denied that the signature was his. Plaintiff
having no other sufficient evidence to prove the signa-
ture, and being taken by surprise at the evidence of
defendant, thereupon, and before the case was sub-
mitted to the jury, asked and moved the court to dis-
miss the action without prejudice, which the court,
GASLIN, J., presiding, refused to do, and the plaintiff
was defeated in the action.

*Lamb, Billingsley & Lambertson,* for plaintiff in error.

*C. J. Dilworth,* for defendant in error.

COBB, J.

There can be no doubt of the correctness of the law
laid down by the counsel for the plaintiff in error, to-

wit: That the plaintiff has the right to dismiss his case without prejudice to a future action at any time before the final submission of the case to the jury, as a general proposition of law. But is this rule universal? Does it apply to actions of replevin? In this action, after the property has been delivered to plaintiff, the positions of parties become to all practical intents and purposes reversed. The proceeding has already served the primary purpose desired by the plaintiff. He has reduced the property to possession, and should no further step ever be taken in the case he would be content. But the defendant, who also claims the possession of the property, has an interest in a speedy trial as the only means of restoring the property to his possession.

It seems to me that it could not have been the intention of the. framers of the statute, giving the plaintiff the right to dismiss his case without prejudice at any time before the same is given to the jury, that the same should apply to actions of replevin. What good would it have done the plaintiff to have dismissed his case? Section 190 of chap. 57, Gen. Stat., page 554, provides that: "If the property has been delivered to the plaintiff and judgment be rendered against him on demurrer, or if he otherwise fail to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, empanel a jury to enquire into the right of property and right of possession of the defendant to the property taken. If the jury shall be satisfied that said property was the property of the defendant at the commencement of the action, or if they shall find that the defendant was entitled to the possession only of the same at such time, then and in either case they shall assess such damages for the defendant as are right and proper; for which, with costs of suit, the court shall render judgment for the defend-

ant." And section 7 of an act passed February 26, 1873, found on page 713 of the General Statutes, provides that "The judgment in the cases mentioned in sections one hundred and ninety and one hundred and ninety-one, and in section one thousand and forty-one of said code, shall be a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit."

Now, if the court had permitted the plaintiff to dismiss his suit as he desired, it would clearly have been the duty of the court to allow the defendant to introduce testimony either before the jury already empaneled in the case, or to empanel another "jury to inquire into the right of property," etc., and the judgment of the court rendered on the finding of such jury, under the provisions of the section last above quoted, would have been as conclusive as is the judgment in the case at bar. Thus it would have been an idle ceremony for the court to have permitted plaintiff to dismiss his suit under the circumstances. Indeed all that plaintiff could have done with the consent of the court he could have done without such consent. But in any event the result must have been the same, so that I see no error in the ruling of the court on that point.

The other point made by plaintiff in error is, "that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law and in disregard of the instructions of the court."

The court charged the jury "that upon the evidence in this case, in any event, you can only find nominal damages, as no actual damages are proved." In the face of this instruction the jury found thirty-five dollars damages. The only testimony in the case was that of the defendant. In his testimony he stated: "I

have been damaged, by reason of the taking and detention of the machine in this case by plaintiff, $350. I estimate my damage at the loss of the use of it during the last threshing season." Again, on cross-examination: "I have lost the use of the machine ninety days since the threshing season commenced; suffered from the loss of it since the last of July, 1878. The use of the machine was worth five dollars per day." I think that the charge of the court was correct that no actual damage was proved in such a way that the jury could consider it. But whether right or wrong, it was the duty of the jury to respect and obey the instructions of the court, and for their failure to do so the verdict should have been set aside; and it was error in the district court to refuse to do so. *Jewett & Root v. Smart & Gillette*, 11 Iowa, 505.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.