## WILFORD STANDIFORD, SHERIFF, V. M. H. GREEN & COMPANY.

FILED FEBRUARY 17, 1898. No. 7774.

Trial: JURY: VIOLATION OF INSTRUCTIONS. It is the duty of the jury to find a verdict according to the law as given in the instructions of the court. When they clearly violate this duty, the court should set aside the verdict. (*Aultman v. Reams,* 9 Neb. 487.)

ERROR from the district court of Antelope county. Tried below before ROBINSON, J. *Reversed.*

*R. R. Dickson* and *N. D. Jackson,* for plaintiff in error.

*M. F. Harrington* and *John H. Mosier, contra.*

IRVINE, C.

One W. A. Westfall was formerly engaged in the mercantile business at Butte, in Boyd county, and being indebted to M. H. Green & Co., he executed to them a chattel mortgage on his stock of goods, ostensibly made to secure notes evidencing that indebtedness. The goods were then attached by Standiford, who was sheriff, at the suit of other creditors of Westfall, and Green & Co. replevied. By agreement of the parties the cause was transferred to Antelope county for trial. There was a verdict and judgment for the plaintiff.

Among the instructions was one given at the request of the defendant, to the effect that if at the time the mortgage was given the plaintiffs and Westfall secretly agreed that possession was to be taken of the goods, that plaintiffs should sell sufficient to satisfy their own claim, and thereafter continue to sell and apply the proceeds to the payment of other debts of Westfall; or if there was a secret agreement that the property left after paying plaintiffs' claim was to be held by them for the benefit of Westfall's creditors, then the mortgage was void and the jury should find for the defendant. No exception was

taken to the instruction. Westfall and his wife both testified that the mortgage was given in pursuance of such an agreement as was outlined in the instruction, and their testimony on this subject is not contradicted. We need not inquire whether the instruction was correct in law. It was given, and it was the duty of the jury to obey it. The verdict was rendered in manifest disregard of the instruction, and is for that reason contrary to law. In *Aultman v. Reams*, 9 Neb. 487, the court said: "Whether right or wrong, it was the duty of the jury to respect and obey the instructions of the court, and for their failure to do so the verdict should have been set aside; and it was error for the district court to refuse to do so." And in *Omaha & R. V. R. Co. v. Hall*, 33 Neb. 229, the following language was used: "It is not necessary to decide, nor do I, whether the law is correctly given in said instructions. It is the duty of the jury in all cases to follow the instructions given them in charge by the court, and if they do not do so, the verdict should be set aside and a new trial ordered."

REVERSED AND REMANDED.