I. K. BOYESEN v. JACOB HEIDELBRECHT.

FILED NOVEMBER 3, 1898.   No. 8391.

Verdict Disregarding Instructions: REVIEW. A verdict rendered in plain disregard of instructions is contrary to law and will ordinarily be set aside, whether or not the instructions were correct.

ERROR from the district court of Jefferson county. Tried below before BUSH, J.  *Reversed.*

*Talbot & Allen* and *W. H. Barnes,* for plaintiff in error.

*John Heasty, contra.*

IRVINE, C.

This was an action by Boyesen, claiming as a purchaser for value, before maturity, of a note made by Heidelbrecht to the Warder, Bushnell & Glessner Company. The defense was that the note was one of three given in payment for a harvesting machine; that the machine had been sold with a warranty; that by the terms of the contract, if the machine failed to comply with the warranty, it might, under certain conditions, be returned and the contract rescinded; that the machine did not comply with the warranty, the conditions had been complied with, the machine returned and the contract rescinded; that plaintiff was not a *bona fide* holder for value. There was a verdict and judgment for defendant.

A glance at the instrument sued on suggests a question as to whether it is negotiable, but both parties so treated it by their pleadings, their course on the trial, and by requests for instructions. There was evidence that plaintiff bought the note before its maturity, paying therefor a little less than its face value, and without any knowledge of the existence of any defense thereto. The note on its face shows that it was given for a machine, but that fact would not charge the plaintiff with notice of the warranty, its breach, or the rescission of the contract. The manager of the original payee testified as to the sale of the note and that at the time even he did not know of any defense thereto. As against the proof of a purchase in good faith there is evidence that plaintiff had in different matters acted as an attorney of the payee of the note, but it was not shown that he occupied such a relation

with respect to this matter or that he knew anything thereof. It was shown that he had previously purchased other notes from the payee, and that the transaction was not unusual. It also appeared that the attorney who brought this suit had done business for the payee of the note. These circumstances are entirely insufficient to rebut the proof of an innocent purchase. Under the evidence and the instructions of the court, which forcibly and perhaps too strongly stated the privileges of an innocent purchaser, before maturity, of negotiable paper, the plaintiff was entitled' to a verdict. The verdict was rendered in plain disregard of these instructions. A verdict so rendered is contrary to law, whether the instructions be correct or not. (*Aultman v. Reams,* 9 Neb. 487; *Omaha & R. V. R. Co. v. Hall,* 33 Neb. 229; *Standiford v. Green,* 54 Neb. 10.) While a judgment will not be reversed for that reason if the verdict be the only one which could properly be rendered (*Dern v. Kellogg,* 54 Neb. 560), this case does not fall within the exception. If we were to determine that the note was not negotiable and that therefore the instructions in this respect disregarded were not applicable to the case, still the evidence on other issues was conflicting, and as the jury disregarded its duty as to one issue it may have done so as to all.

REVERSED AND REMANDED.