MARIE BARGE V. GEORGE HASLAM.*

FILED DECEMBER 18, 1901. No. 10,750.

Commissioner's opinion, Department No. 1.

1. **Judgment Non Obstante Veredicto.** Where judgment has been entered notwithstanding the verdict, and the only finding of the trial court is that on the pleadings defendant is entitled to judgment, only the pleadings will be considered in deciding the rightfulness of the judgment.

2. **Promise of Marriage:** STATUTE OF FRAUDS. A petition pleading that mutual oral promises to marry when plaintiff came of age were made in 1891, and that defendant many times between that date and November 25th, 1893, renewed and acknowledged the contract, both orally and in writing, with an answer denying generally, and alleging an oral promise in 1890, and that plaintiff was then only fifteen years old, and the promise void because not in writing, and a reply admitting only that the marriage was not to take place until plaintiff came of age, and denying all other allegations, do not, when taken together, show a contract void under the statute of frauds.

3. **Verdict.** While a verdict can not be taken to supply essential facts which are wanting in the pleadings, it must be taken, where parties go to trial without objection on that ground, to supply any lack of definiteness and precision in the allegation of facts which appear.

ERROR from the district court for Dodge county. Tried below before MARSHALL, J. *Reversed.*

*Thomas M. Franse* and *Ole C. Anderson,* for plaintiff in error:

The defendant answered, proceeded to trial and speculated as to a verdict. When the finding was adverse he asked for judgment *non obstante veredicto,* on the ground

*Rehearing allowed. Reversal sustained.

that the petition was open to a general demurrer.  A court would hardly look with favor upon such practice.

Mutual promises of marriage do not come within the statute of frauds.  *Short v. Stotts,* 58 Ind., 29; *Withers v. Richardson,* 5 T. B. Mon. [Ky.], 94, 17 Am. Dec., 44.  They are expressly excepted by the Nebraska statute.  Compiled Statutes, 1895, ch. 32, sec. 8.  An express promise need not be shown.  *Rockafellow v. Newcomb,* 57 Ill., 186; *Wightman v. Coates,* 15 Mass., 1, 8 Am. Dec., 77.

Assuming mutual promises of marriage to be within the statute of frauds, yet letters signed by the party to be charged are sufficient memoranda to take such a promise out of the statute.  *Fowler Elevator Co. v. Cottrell,* 38 Nebr., 512.

Even if plaintiff's petition was defective in not pleading a written note or memorandum, this defect was cured by the defendant's answer, which supplied the defect.  *Haggard v. Wallen,* 6 Nebr., 271.

*J. E. Frick, Clark C. McNish* and *Andrew R. Oleson,* contra.

Argued orally by *Franse,* for plaintiff in error; by *McNish* and *Frick, contra.*

Hastings, C.

This is an action for breach of promise of marriage, in which the trial court rendered judgment for defendant and dismissed the action, notwithstanding a verdict for plaintiff in the sum of $700.  The final action of the trial court was in terms as follows:

"On this 11th day of May, 1898, this cause came on for hearing upon the motion of the defendant for a judgment upon the pleadings notwithstanding the verdict of the jury, and the court being of opinion that the defendant is entitled to judgment upon the statements in the said pleadings, and being fully advised in the premises, does sustain said motion; to which ruling of the court the plaintiff at

the time duly excepted, and plaintiff is allowed 40 days in which to prepare and serve bill of exceptions.

"It is therefore ordered, considered and adjudged by the court that the defendant, George Haslam, go hence without day, and recover of and from the plaintiff, Marie Barge, his costs herein expended, taxed at $2.10; to which judgment the plaintiff at the time duly excepted."

Counsel for defendant in error make some claim that this action of the court can be supported on the ground that there was no legal evidence submitted at the trial to support plaintiff's cause of action, even if it is found that one was alleged. It does not seem possible that this judgment can be sustained on any such ground. It is true that defendant's motion was to defer judgment on the verdict rendered, as well as to enter judgment for defendant *non obstante veredicto*. It is claimed on defendant's behalf that, when the formal order to defer judgment on this verdict was entered, this, under section 439 of the Code, gave the court authority to pass upon the facts in the case, and render such judgment as was required · upon the evidence submitted. A somewhat careful examination of the authorities cited by the defendant fails to uphold this contention. But it is not necessary to decide the point in this case. The learned trial court did not assume to pass on the facts, but only on the pleadings. It would seem that the only circumstances under which the court has authority to enter judgment without a verdict or finding to support it, is when the pleadings on their face disclose a right to such judgment on the part of the successful contestant. The only finding made by the court here is that the defendant is "entitled to judgment upon the statements in the pleadings" and, unless that finding can be upheld, the judgment must be set aside. Only the pleadings, therefore, will be examined, to determine as to whether or not this judgment should be affirmed.

The petition alleges the residence of the defendant, under the name of George Haslam, in Dodge county, for many years; that on or about July 1, 1891, both being then

unmarried, at his request the plaintiff promised to marry him and he to marry her; that the agreement was oral, and the marriage was to take place on plaintiff's reaching 18 years of age; that afterwards the defendant many times orally and in writing between July 1, 1891, and November 25, 1893, renewed and acknowledged said contract; that plaintiff in reliance upon defendant's promises remained single; that defendant, on November 25, 1893, married another; and that plaintiff was damaged in the sum of $20,-000. The answer denies every allegation not afterwards expressly admitted; admits an oral mutual agreement on July 1, 1890, instead of 1891, to marry, when plaintiff reached the age of 18 years; says that she was then of the age of 15 years, and neither the agreement nor any memorandum of it was in writing. An allegation of a mutual abandonment of this agreement was made, but no evidence with relation to it seems to have been produced, and it was withdrawn, by the court's instruction, from the jury, with no objection on defendant's part. It is also alleged that plaintiff's cause of action did not accrue within four years next before the commencement of this action. The reply denies all matter in the answer, except such as is afterwards admitted, admits that the marriage was not to take place until plaintiff had reached the age of 18 years, denies the plea of abandonment of the contract, and says that defendant's pleas of the statute of frauds and of the statute of limitations constitute no defense. It seems clear that the finding of the trial court, that from the face of these pleadings the defendant was entitled to a judgment, can not be sustained. It is true that the petition alleges that the contract in question was not to be performed until plaintiff's majority. It is also true that the answer alleges that plaintiff was then only 15 years old, but this allegation is not expressly admitted in the reply, and is therefore included in the general denial with which the reply opens. It would seem clear, therefore, that as to the statute of frauds the pleadings do not show a right of defendant to this judgment of dismissal. The weight

Barge v. Haslam.

of authority seems in favor of the proposition that mutual promises to marry are within the inhibition of the provision of the statute of frauds, avoiding contracts which by their terms are not to be performed within a year. *Derby v. Phelps*, 2 N. H., 515; *Nichols v. Weaver*, 7 Kan., 373; *Ullman v. Meyer*, 10 Fed. Rep., 241; Bishop, Contracts [2d ed.], sec. 1275; Browne, Statute of Frauds, sec. 272. However, directly against this view are *Lewis v. Tapman*, 90 Md., 294, and *Brick v. Gannar*, 36 Hun [N. Y.], 52. While it is not conceded by plaintiff that the pleadings show plaintiff's age to have been stated with substantial correctness in the answer, on the argument it is not denied that such is the case.

The question remains whether the pleading is sufficient, liberally construed, as it must be after a verdict upholding it, to amount to a declaration of a subsequent and valid agreement within the time. Assuming that the original agreement of 1890 or 1891 was void in fact for the reason claimed by the defendant, does it sufficiently appear from plaintiff's petition that a subsequent agreement in writing or orally to a similar effect, or a similar purpose, and in the same terms, was made, which was not within the statute? In our opinion, while the petition would be entirely unavailing to sustain an assault by way of motion that it be made more specific, it would not be amenable to a general demurrer on the ground that it discloses only a contract void under the statute of frauds. Doubtless, if the pleader intended to rely on any subsequent agreements as the basis of his action, he could and would, on an application for that purpose, be compelled to state them more specifically than merely to say that they were the same as a void one previously alleged; but where the defendant has gone to trial upon such allegations, and a jury has not only found in favor of the plaintiff, but has found specifically, and on defendant's application, the facts which take the case out of the statute, it would seem that the judgment should not go in favor of the defendant merely because those facts are defectively stated in the petition. Of

course, it must be allowed that, if those facts are totally wanting in the pleadings, no amount of evidence can supply them; but where the objection is merely that they are defectively alleged, and by way of a reference and an allegation of a renewal in the same terms of a previously existing void agreement, judgment should not be rendered *non obstante verdicto*. The statute of limitations does not appear, from the record, as a bar. A new promise, sufficient, when supported by a verdict, to prevent the statute from running is pleaded. Code of Civil Procedure, sec. 22.

The conclusion of the learned trial court that the pleadings disclose a right on defendant's part to a judgment, being unsupported, it must be reversed. There appears to be in the record a motion for a new trial, which has never been acted upon. This became unimportant on the sustaining of defendant's motion for a judgment. Defendant seems entitled to have this acted upon by the trial court, and it seems, therefore, impossible to direct the entry of any final judgment at this time. It is therefore recommended that the judgment of the trial court be reversed, and the cause be remanded for further proceedings.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.