GEORGE HASLAM v. MARIE BARGE.

FILED JULY 3, 1903. No. 13,090.

1. **Verdict Contrary to Instructions.** A verdict rendered in plain disregard of the instructions, is contrary to law, and will, ordinarily, be set aside without an examination of the instructions to determine whether correct or not.

2. **Evidence of Written Contract of Marriage.** Evidence examined and *held* not to establish a written contract of marriage.

3. **Statute of Frauds.** An unwritten contract, which by its terms is not to be performed within a year from the making thereof, is not taken out of the statute by an oral acknowledgment made within a year from date of performance.

4. **Appeal: ESTOPPEL.** Where the record discloses that a defendant has raised the question and insisted in the district court that there was not sufficient evidence to warrant the submission of a material issue to the jury, and the court nevertheless insists on submitting the issue, the defendant is not estopped on appeal to raise the same question here, because he requested and obtained an instruction defining the law relating to the issue as he understands it to be.

ERROR to the district court for Dodge county. JAMES A. GRIMISON, DISTRICT JUDGE. *Reversed.*

*J. E. Frick* and *Frank Dolczal,* for plaintiff in error.

*Thomas M. Franse, F. Cole Anderson* and *Harry Keefe,* contra.

DUFFIE, C.

On the trial of this case, a verdict was returned in favor of the plaintiff below for $750. The defendant immediately filed a motion asking the court to reserve the case for further argument, and to reserve judgment. This motion was granted by the court. After this motion was filed, and pending a hearing thereon, defendant below filed a motion

for a new trial. Upon the argument of the motion to reserve the case and for judgment notwithstanding the verdict, the court entered judgment for the defendant below. From this judgment plaintiff below prosecuted error, and this court reversed the court below and remanded the case for action upon the motion for a new trial, which still remained undisposed of. 63 Neb. 296. Opinion on rehearing, 65 Neb. 656.

On October 10, 1902, the motion for a new trial came on for hearing in the district court, in pursuance of the mandate from this court, and upon consideration thereof the court overruled said motion, and judgment was entered on the verdict of the jury. Thereupon, the defendant settled and had his bill of exceptions allowed and has brought the case to this court on error. Judge Marshall, who presided at the trial and in all the proceedings up to the argument on the motion for a new trial, having deceased, the motion for a new trial was heard and passed on by another judge.

The principal errors relied on are: (1) That the court erred in overruling the motion for a new trial; (2) that the verdict is not sustained by the evidence and is contrary to law. The only question decided on the former appeal was the sufficiency of the plaintiff's petition to state a cause of action, while this appeal involves the merits of the controversy between the parties. The 8th and 9th instructions of the court are as follows:

"8th. The jury are instructed that the contract or promise of marriage set out in the plaintiff's petition, to the effect that on or about the first day of July, 1890, the defendant, orally, that is, not in writing, promised to marry the plaintiff, and the plaintiff orally, that is, not in writing, promised to marry the defendant, when the plaintiff should arrive at the age of 18 years; and from the undisputed evidence the plaintiff was at the time only a little over the age of 15 years, leaving nearly three years to intervene between the time of making the contract or promise and the time when, by its terms, it was to be per-

formed. This contract or promise under our statute of frauds was and is void, or voidable, at the instance of either of the parties thereto, and can not be enforced in this action, for the reason, as required by that statute, this contract or promise was not in writing, nor was any memorandum thereof made or signed by either of the said parties, at the time it was made.

"9th. The jury are instructed that although the contract of marriage as set out in the preceding 8th instruction is void and of no force, it would remain void and of no force and effect against the defendant, or in favor of plaintiff, unless the defendant afterward, and before the 24th day of May, 1893, signed a memorandum of said contract, which memorandum should be as broad and full as the original contract or promise, and the memorandum, to be good, should embrace all the terms and conditions of said original contract. Under the pleadings in this case, a new contract of marriage will not suffice, for such new contract is not the cause of action set out in the plaintiff's petition and can not in this case be made the ground of recovery in favor of the plaintiff. The plaintiff must recover, if she is entitled to recover at all, upon the cause of action set out in her petition, and can not recover upon a new or different contract, or cause of action."

In these instructions the jury are plainly and explicitly told: (1) That the oral contract of marriage, nearly three years intervening between the making of the contract and the time when by its terms it was to be performed, was, under our statute, void. (2) That, being void, it would remain so unless the defendant before the 24th of May, 1893, signed a memorandum of said contract as broad and full in its terms as the original. (3) That under the pleading no new contract could be made the ground of a recovery as such new contract is not the cause of action set out in the petition.

Whether an oral contract of marriage, which by its terms is not to be consummated for more than a year after the making thereof, falls within our statute, is not neces-

sary to be determined in this case. That it was void was the opinion of the district court and it so instructed the jury. For the purposes of the trial, this was the law of the case and the jury should have been governed by these instructions whether the law was properly stated or not.

In *Boyesen v. Heidelbrecht,* 56 Neb. 570, it is said:

"Under the evidence and the instructions of the court, which forcibly and perhaps too strongly stated the privileges of an innocent purchaser before maturity of negotiable paper, the plaintiff was entitled to a verdict. The verdict was rendered in plain disregard of these instructions. A verdict so rendered is contrary to law, whether the instructions be correct or not. *Aultman & Co. v. Reams,* 9 Neb. 487; *Omaha & R. V. R. Co. v. Hall,* 33 Neb. 229; *Standiford v. Green & Co.,* 54 Neb. 10. While a judgment will not be reversed for that reason if the verdict be the only one which could properly be rendered, this case does not fall within the exception."

Accepting, as we must, the instructions of the court as the law of the case for the purpose of determining whether the verdict was contrary to law, an examination of the record makes it plain that these instructions were wholly disregarded. The cause of action stated in the petition is as follows:

That on or about the first day of July, 1891, the plaintiff being then unmarried, at the request of the defendant, then promised the defendant to marry him, and the defendant at the same time promised to marry her; that said contract and promise of marriage was between the said parties, in the first instance, oral and spoken, and said contract of marriage was to be fulfilled upon the plaintiff's arriving at the age of eighteen years or over; that after said original and mutual agreement of marriage between said parties was made, said defendant at many and numerous times, both orally and in writing by letters between July 1, 1891, the date of the first promise of marriage, and November 25, 1893, renewed and acknowledged said first contract and mutual promise of marriage; that

plaintiff relied on said promise and remained unmarried; that defendant, contrary to said promise, on the 25th day of November, 1893, married another, and that plaintiff was at all times ready and willing to marry said defendant.

The answer, among other things, alleged that the promise of marriage was oral and was made about the first of July, 1890; that it was not to be consummated until plaintiff attained the age of eighteen years; that at the time the promise was made she was fifteen years of age; that no note or memorandum of said promise was ever made in writing, subscribed by the party charged, and said oral promise was, by its terms, not to be performed within one year from the making thereof.

The reply admitted that the marriage was not to take place until the plaintiff below had attained the age of eighteen years; and, in her testimony given on the trial, she stated that the defendant proposed marriage to her in May, 1890, and that she gave him her answer in August, shortly after attaining her fifteenth birthday. The only evidence of any written memorandum of the marriage contract existing between the parties was given by the plaintiff and her mother. The plaintiff testified that shortly after the defendant's marriage she burned all the letters received from him. She was allowed to testify as to the contents of one letter received in April, 1893. On being asked the contents of that letter, she replied:

"He wrote he would be up in a few days and make arrangements about our marriage."

Q. Anything further?

A. Only that he would be up in a few days.

Her mother testified that she had read the letter, and on being asked to state its contents, replied:

"V. .l he told her that the time would soon arrive when she would be of age and that he would come up in a few days and make arrangements with her about their marriage."

Q. Anything further?

A. I do not remember.

This is, absolutely, all the evidence tending in any manner to show any written contract of marriage made between the parties, and it seems incredible that a jury, under the instructions above quoted, could find. that a written contract or any note or memorandum thereof was made. There is nothing in this evidence containing an offer of marriage or a promise to marry. It does refer to their marriage; and we may reasonably presume that some negotiations relating to a marriage had taken place between the parties prior to the date of the letter; but what it was and whether existing in the form of a contract of marriage, all of the terms and conditions of which had been agreed on, is not suggested and is not for the court or the jury to assume. If, as charged by the court, the contract to be valid must be in writing, that is one of the matters to be established by the evidence, and no presumption to that effect can be indulged. That there is an absolute failure in the evidence to establish any written contract of marriage is beyond question or controversy, and, unless the law allows an oral acknowledgment made less than one year from the time of performance to validate and confirm an oral agreement not to be performed within the year, there is no evidence whatever to support the verdict.

The former opinions of this court, holding that the petition stated a cause of action, were based, undoubtedly, upon the allegation therein contained, that the original oral contract of marriage had been subsequently acknowledged and renewed in writing, for the law seems to be well established, that proof of the oral acknowledgment of an unwritten contract, within the year, would not take an oral contract, not to be performed for more than a year after the making, out of the statute. *Blanton v. Knox*, 3 Mo. 343; *Odell v. ? ? adorfer*, 50 App. Div. (N. Y.) 570 64 N. Y. Supp. 451.

In the latter case it is said:

"Where an oral contract of employment for a year from

the following first day of April was made in March, the contract was not exempted from the operation of the statute of frauds and validated by the restating of the terms of the contract between the parties· on the first day of April.

One other question requires consideration: At the request of the defendant below certain special findings were submitted to the jury. These findings are as follows:

1st. Was there a promise of marriage made between the plaintiff and defendant other than the one testified to by the plaintiff as having been made about the 1st of August, 1890?

A. Yes.

2d. If you answer the preceding question "yes," then state at what other time said promise of marriage was made?

A. On the 13th or 14th or within two weeks prior to the 13th or 14th of April, 1893.

3d. If you find that there was such a promise as stated in the second question above, then state whether such promise was made orally or spoken, or whether it was in writing?

A. Oral and written.

4th. Did the defendant write a letter to the plaintiff on or about the 13th or 14th of April, 1893, or at any time within two weeks prior thereto, in which he wrote the statements testified to by the plaintiff and her mother?

A. Yes.

It is insisted by the defendant in error that these special findings being submitted at the request of the defendant below, he can not now be heard to say that there was no evidence to sustain the findings; and *American Fire Ins Co. v. Landfare*, 56 Neb. 482; *Farmers Bank of Nebraska City v. Garrow*, 64 Neb. 64, and *Missouri P. R. Co. v. Hemingway*, 63 Neb. 611, are cited in support of this contention. In the case first cited it is said:

"One who tenders an instruction which is given, which assumes the existence of evidence to establish an issuable

Haslam v. Barge.

fact in a case, can not afterward be heard to assert that there was no evidence received tending to prove such fact."

The other cases follow and approve this rule, and we think that, properly applied, it is founded in good sense and that it should be enforced. Where a party, on his own motion, secures action from the court, he ought not, afterwards, to be heard to complain that such action was erroneous. He can not predicate error on what he himself has asked and secured. If we should admit that a party who asks for the submission of special findings, occupies the same position as one who makes a request for an instruction defining the law applicable to an issue in the case—and this we do not by any means concede—we still think that the cases, above referred to, do not go to the extent claimed by the defendant in error.

A careful examination of the opinions, in the cases referred to, will show that the complaining party made no claim in the district court that there was no evidence on which to base the instructions or to submit the issue to the jury, at least, they fail to disclose that such complaint was made. In the case at bar, the record discloses that Haslam, the plaintiff in error, urged and insisted that there was no evidence whatever upon which to submit the questions at issue in this case to the jury. An instruction to direct a verdict, because the plaintiff had not made a case by her evidence, was submitted and argued, and the plain question presented for our determination is this: Must a defendant in the action, between whom and the court there is a difference of opinion upon the question of whether there is evidence upon which a certain issue ought to be submitted to the jury, the court thinking there is evidence and the defendant believing there is none, sit by, knowing that the court is going to submit the issue under what he believes to be an erroneous instruction, and remain silent, or may he ask the court to amend the instruction, or give one which he himself has prepared and which embodies the law as he understands it? If the rule stated in the cases, above cited, is to be followed in all cases and under all

circumstances, then the defendant who has fairly presented his claim to the court, and who has moved for a dismissal upon the ground that there is no evidence upon which to base a verdict against him, after fairly calling the attention of the court to his position, so that no one can misunderstand his theory or be misled by his action, must sit by in silence and see the case submitted to the jury under what he believes to be erroneous instructions, in order to obtain a hearing in this court.

Under such circumstances, we do not believe that he should be estopped, here, from insisting, as he did in the court below, that there is no evidence upon which to submit the issue to the jury, even though he takes an active part in preparing and tendering instructions which the court finally includes in its charge to the jury. The district court was not misled by the action of the plaintiff in error in asking a submission of these special findings. The court knew that he was insisting that there was not sufficient evidence to warrant a verdict against him, and, under these circumstances, we do not think that a party should be estopped in this court from questioning the sufficiency of the evidence to sustain a finding by the jury, by doing all in his power to secure from the court, which insists on submitting the question, what he regards as proper instructions upon the issue. To do less than this would be unfair to the court, and a neglect of duty as an attorney.

We hold, therefore, that where the record discloses that the defendant in an action has squarely raised the question of the sufficiency of the evidence to warrant a verdict against him, or an adverse finding on some material issue in the case, and the district court, against his objection, insists on submitting the question to the jury, he does not waive his right, on appeal to this court, to raise the question of the sufficiency of the evidence to support the finding of which he complains, by asking instructions covering his theory of the law applicable to the case. For the reason that there is not sufficient evidence in the record to

support the verdict of the jury, the judgment should be reversed and we so recommend.

ALBERT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.