ULYSSES G. ALBERT, APPELLEE, v. H. C. YOUNG, APPELLANT,

FILED FEBRUARY 6, 1908. No. 15,061.

1. **Appeal: VERDICT: EVIDENCE.** The verdict of the jury should not be set aside as being contrary to the instructions of the court, where the evidence does not establish the fact submitted so clearly that it should have been determined by the court as a matter of law.

2. ———: ———: ———. While the verdict of a jury should be set aside if contrary to an erroneous instruction of the court, this court is not bound by the theory of such erroneous instruction in determining whether the misconduct of a member of the jury constitutes prejudicial error.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Field, Ricketts & Ricketts,* for appellant.

*J. A. Brown, contra.*

CALKINS, C.

The plaintiff and the defendant were each real estate brokers in Lincoln, and were on the 15th day of December, 1905, each endeavoring to sell to one Schoenlaber lands for the sale of which they were respectively agents. The plaintiff claims that at this time he entered into an oral contract with the defendant whereby it was mutually agreed that, if either should succeed in selling a farm to said Schoenlaber, he would divide with the other the commission received by him. In January the defendant made a sale to Schoenlaber, receiving a commission of $585, and the plaintiff brought this action to recover one-half of said sum under said alleged contract. There was a verdict and judgment for the plaintiff, from which the defendant appeals.

1. The answer was a general denial. The plaintiff's testimony, if true, established the making of a contract. The defendant denied the conversation at which the plaintiff alleged the contract was made, but admitted that at another time and place the plaintiff had proposed such an agreement, to which he had replied that he would do what was right. He testified that he later heard through a third party that the plaintiff expected him to divide the commission if he made the sale, and that he thereupon went to the plaintiff and disclaimed the making of any such contract, and notified him that he would not divide

the commission in case he himself made the sale, nor would he expect the plaintiff to divide with him in case he made the sale. This was repeated several times, the plaintiff in each instance insisting upon the performance of the contract as made. The district court took the view that the contract as alleged by the plaintiff was valid, but a contract from which either party would have a right to withdraw upon notice before sale; and on the subject of withdrawal instructed the jury, in substance, that the agreement set out in the petition was supported by a consideration and was a valid contract, but would be such a contract as either party would have the right to withdraw from upon notice before sale; and, if the jury believed from the evidence that the defendant did withdraw from such contract before sale, and gave the plaintiff notice of such fact, it should find for the defendant; but that the defendant would be required to act in good faith, and the withdrawal must have been in good faith and before the sale of the land was made by the defendant. The defendant contends that the verdict was contrary to this instruction. He argues that there was no dispute as to the fact of the defendant's actual withdrawal, and no evidence that he did not make the same in good faith. Assuming, for the purpose of determining this question, that the law was correctly embodied in the instruction, we think there is evidence upon which the verdict of the jury may be sustained. If this defense was proper to go to the jury, the defense of withdrawal was an affirmative one, and the defendant was bound to establish it by a preponderance of the evidence. Strictly speaking, the evidence fails to show a withdrawal, and a rescission of the contract. What the defendant did, according to his own testimony, was to deny its existence and notify the plaintiff that he would not perform it. But, be this as it may, still, assuming that the defendant had the right to withdraw upon reasonable notice and in good faith, it was for the jury, under this instruction, to determine what constituted reasonable notice, and from the evidence to decide

whether the action was taken in good faith. While the district judge did not define the elements of good faith in this transaction, we think it was fairly to be inferred that for the act to be in good faith it must have been performed before there had been any change in the condition of the subject matter of the contract, and before the defendant had any reason which he did not have at the time of the making of the contract to suppose that he, and not the plaintiff, would make the sale. We have carefully read the evidence. It does not establish the fact of withdrawal in good faith so clearly that it should have been determined by the court as a matter of law.

2. After the jury had retired and was considering its verdict, one of the jurors stated in the presence of his fellow-jurors that he was acquainted with Allen, the owner of the farm sold by the defendant, and for the sale of which the plaintiff was seeking to recover half the commission, and that about Christmas, 1905, Allen had told him that he had practically sold the farm. It is contended by the defendant that this statement tended to influence the minds of the jurors upon the question of good faith on the part of the defendant. It is conceded that the question of good faith was not in issue; and the plaintiff contends that, if this statement tended to or did influence the minds of the jurors, it was upon a question which was wholly foreign to the issue, and was therefore error without prejudice and should be disregarded. The defendant insists that, the question having been submitted to the jury, it must be considered as material in determining whether its verdict shall stand. He invokes the doctrine that, upon an application to set aside the verdict of a jury on the ground that it is contrary to the instruction of the court, the question whether such instruction correctly states the law will not be considered. It is a fundamental principle which is at the basis of jury trials, and never to be lost sight of, that the court is to decide all matters of law, and the jury all disputed facts. To maintain the function of the court to determine matters of law, it is essential

that the jury should take the law from the court; and, whenever it appears that the jury has clearly disregarded the law as laid down by the court, its verdict should be set aside, even though its construction of the law was correct, and that of the court mistaken. *Meyer v. Midland P. R. Co.*, 2 Neb. 319; *Aultman & Co. v. Reams*, 9 Neb. 487; *Omaha & R. V. R. Co. v. Hall*, 33 Neb. 229; *Standiford v. Green & Co.*, 54 Neb. 10; *World Mutual Benefit Ass'n v. Worthing*, 59 Neb. 587. This is necessary to the due and orderly administration of the law. To allow the jury to review, or even correct, the law as given to it by the court would lead to inextricable confusion and consequent injustice. The rule should go no further, however, than the reason therefor demands. In the case we are considering, there was no contumacy of the jury, and no disposition shown to disregard any rule of law laid down by the court; and the setting aside of its verdict would not vindicate nor tend to vindicate the right of the court to decide a question of law. In determining whether the question, the decision of which may have been improperly influenced by the indiscretion of the juror in stating facts within his own knowledge, was material, we are not bound by the opinion of the district judge at the time of his giving the instruction named. If the fact was really immaterial, and was so regarded by the trial judge when he came to consider the question upon a motion for a new trial, then we are at liberty to apply the principle that harmless error will be disregarded.

We therefore recommend that the judgment of the district court be affirmed.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.