HORSE SHOE LAKE DRAINAGE DISTRICT, APPELLEE, V. FRED M. CRANE COMPANY ET AL., APPELLANTS.

FILED JUNE 24, 1924.   No. 22802.

1. **Damages:** BREACH OF CONTRACT. Where a contractor breaches a construction contract after partial performance, the measure of the contractee's damages is the necessary and reasonable cost of completing the work, in excess of the original contract price.

2. ———: ———: INTEREST. When a party recovers a sum of money as damages in a suit for breach of a construction con-

324          NEBRASKA REPORTS.          [VOL. 112

Hors? Shoe Lake Drainage District v. Crane Co.

tract, he is entitled to interest on the sum recovered from the date of the breach.

3. **Trial: VERDICT.** Where plaintiff seeks to recover from defendant, and defendant has interposed a counterclaim or set-off, and the jury finds for each party, in such case the verdict must show affirmatively the amount of the respective findings. Comp. St. 1922, sec. 8802.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed on condition.*

*W. J. Courtright,* and *T. B. Murray,* for appellants.

*Kennedy, Holland, De Lacy & McLaughlin* and *E. M. Clennon,* contra.

Heard before MORRISSEY, C. J., DAY, DEAN, and THOMPSON, JJ., and REDICK, District Judge.

THOMPSON, J.

Plaintiff is a drainage district corporation doing business in Cherry county. Defendant Fred M. Crane Company is a Nebraska corporation, and defendant surety bonding company is a Vermont corporation with authority to do business in Nebraska. August 18, 1916, plaintiff, being desirous of having a drainage ditch constructed in the plaintiff district, about 20 miles or more in length, entered into a written contract with the defendant Crane Company, wherein defendant agreed to excavate and construct for plaintiff a drainage ditch, and to furnish the material and labor therefor, and "to make a completed job of the work" at the rate of 17½ cents per cubic yard for the first 150,000 yards and 14 cents per cubic yard for any additional yards. In pursuance thereof the defendant Crane Company procured the defendant American Fidelity Company to join it in the execution and delivery of a bond to plaintiff in the sum of $13,000, conditioned on the faithful fulfillment of the contract by the former. Plaintiff prosecutes this action to recover $27,202.52, with interest thereon from January 1, 1918, from the Crane Company, defendant, and the $13,000 from the American Fidelity Company, defendant,

with interest from the same date, on its bond, with costs of suit.

Plaintiff alleges, in substance, that on December 7, 1917, the Crane Company breached the contract, quit work, and abandoned the enterprise without cause and against the wishes and without consent of plaintiff; that at the time the work was less than half completed; that owing to the breach plaintiff was damaged in the sum for which it prayed judgment. The reason given to plaintiff by defendant Crane Company for its breach of the contract was that plaintiff had let a new contract to J. L. Mullen for the completion of the work.

The defendant answered, admitting the incorporation of the parties to the action; entering into the contract with plaintiff; giving of the bond; work done under the contract; and it charged plaintiff as being the one at fault for the breach; denied all allegations of petition not admitted; further filed a cross-petition demanding judgment for $8,847.75 as a balance due it from plaintiff for work done before the breach and not paid for, with interest at 7 per cent. per annum from December 1, 1917, the date it alleged the payment was due, and costs. Plaintiff's reply to the answer and cross-petition is a denial.

The case was tried to a jury, which returned a verdict as follows: "We, the jury duly impaneled and sworn in the above entitled cause, do find for the said plaintiff, and do fix the amount of its recovery from the defendant, the Fred M. Crane Company, at the sum of $26,969.04; and do fix the liability of the defendant, American Fidelity Company, as surety for the Crane Company, at the sum of $16,690.40." Judgment was rendered on the verdict, and defendants appealed.

The court instructed the jury, in substance, that the measure of plaintiff's damages, if they found that the contract was breached by the defendant, was the difference between the amount that the plaintiff had contracted to pay the defendant for the completion of the work then uncompleted and a fair reasonable cost which the plaintiff would have to pay for the completion of the work, as in the

contract provided, at the date of the breach. The instruction correctly stated the law applicable to the facts. *Von Dorn v. Mengedoht,* 41 Neb. 525; *Parkins v. Missouri, P. R. Co.,* 76 Neb. 242; 2 Sedgwick, Damages (9th ed.) secs. 618, 647c; 9 C. J. p. 812, sec. 151, p. 814, sec. 153; 4 Elliott, Contracts, sec. 3722.

Defendants contend that it was error to allow the jury to compute interest on the sum recovered from the date of the breach, for the reason that plaintiff paid nothing for the completion of the work until a year or more after such breach. Defendants' contention cannot be sustained. The cause of action arose at the time the contract was breached, and plaintiff's right to damages then accrued. It is entitled to interest on the amount of its damages for the time such amount is withheld. *Parkins v. Missouri P. R. Co.,* 76 Neb. 242; *O'Shea v. North American Hotel Co.,* 109 Neb. 317, 333, and cases cited.

We have carefully examined all other alleged errors presented and find that reversible error has not been shown except the one complained of by defendant Crane Company as to the $4,422.06, that being a part of the damages claimed in its cross-petition. Of the $8,847.75 for which defendant Crane Company demanded judgment by way of a counter-claim, the record shows that plaintiff conceded $4,422.06 of this amount was due from it to the defendant as stated in its cross-petition, for work done under the contract, before the breach, and was not paid. The verdict of the jury in no manner responded to the issue raised by the cross-petition either as to the entire $8,847.75 or the $4,422.06. The verdict should respond to each issue raised in the pleadings and to the instructions of the court. *Westinghouse Company v. Tilden,* 56 Neb. 129; *Haslam v. Barge,* 69 Neb. 644; *Barton v. Shull,* 62 Neb. 570.

In this case the jury should have first found as to the plaintiff's cause of action, assessing the amount of its recovery against the defendants as it did. Then it should have found the amount due from the plaintiffs to the defendants on the defendants' cross-petition, and deducted that amount from the finding in favor of plaintiff, and returned a verdict

for the plaintiff for the remainder. This should all have appeared in the verdict returned. Section 8802, Comp. St. 1922, follows: "When, by the verdict, either party is entitled to recover money of the adverse party, the jury in their verdict must assess the amount of recovery." But, instead, it showed the finding for the plaintiff and no more. It is thus evident from the record that the $4,422.06 with interest at 7 per cent. from December 1, 1917, to date of verdict, to wit, for four years and twenty-one days, which interest would amount to $1,256.23, which, plus the principal, would be, $5,678.29, should have been by the jury found for defendant Crane Company and deducted from the $26,969.04, leaving a balance due plaintiff of $21,290.75.

It is clear to us that the judgment must be in the main affirmed. It must, however, be reduced by the amount which the evidence proves should have been found due and owing to the Crane Company on its cross-petition. This amount we have found to be the sum of $5,678.29. If the plaintiff files a remittitur in this sum within twenty days the judgment will be affirmed; if not, it will stand reversed.

AFFIRMED ON CONDITION.

Note—See Damages, 17 C. J. p. 852, sec. 169; p. 815, sec. 137—Trial, 38 Cyc. p. 1889.