WESTINGHOUSE COMPANY v. JOSIAH H. TILDEN.

FILED SEPTEMBER 23, 1898.    No. 8238.

1. **Principal and Agent: BREACH OF CONTRACT: ACTION FOR COMMISSIONS: PLEADING.** A contract between a manufacturer and a selling agent provided that on deferred payments commissions should be paid only on payment of the notes representing such deferred payments, and in proportion as payment should be made. In an action for commissions the agent declared solely on the contract and alleged no breach except failure to pay. *Held*, That he could not, under such averments, recover commissions on unpaid notes, on the theory that the principal had been negligent concerning their collection.

2. ――――: ――――: ――――: ――――: AMENDMENT: PROOF. An amendment to such a petition, alleging that oral agreements and correspondence had modified the contracts, was insufficient to sustain proof of such damages, the amendment not alleging what modifications had been made.

3. **Violation of Instructions to Jury.** A verdict in plain disregard of the instructions of the court is contrary to law.

4. **Evidence: LETTERS: COPIES.** Letter-press copies of letters are but secondary evidence, and are not admissible against objection without showing the loss of the originals or giving notice to produce them.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed.*

*Mockett & Polk,* for plaintiff in error.

*Harlan & Taylor, contra.*

IRVINE, C.

Josiah H. Tilden for several years acted as agent for the Westinghouse Company in selling farm machinery, and brought this suit to recover moneys alleged to be due for services, for commissions on goods sold, and for moneys paid at the defendant's request. The petition alleged three written contracts—one for the year 1888, one for 1889, and one for 1890—and recovery was sought only on the basis of these contracts. A verdict was returned within the amount alleged in the petition to be due, but for more than that amount, deducting therefrom claims admitted during the trial to be erroneous. A remittitur of $75 was entered and judgment rendered for the remainder. The defendant brings the case here.

The judgment cannot be sustained. The written contract sued on provided on what terms Tilden should make sales. He was required to take notes to the company for deferred payments and transmit them to the company. He might retain his commissions on cash payments, but as to the deferred payments the contracts provided in unmistakable terms that the company should remit him his commissions only in proportion as payment should actually be made. A large portion of the recovery was for commissions represented by unpaid notes, and an instruction permitted a recovery in such case, provided the defendant had refused to turn the notes over to plaintiff to collect, and had failed to use reasonable diligence whereby the notes would have been collected. There was no requirement in the contract that the defendant should send the notes to plaintiff for collection, and there was no averment in the petition that the defendant had by its negligence failed to collect the notes. The plaintiff, after the evidence was in, moved to amend his petition to conform with the proofs in several respects; among them being to add: "Also by oral agree-

ments and the said written and printed contracts as modified by correspondence and concessions made by defendant to plaintiff during the time plaintiff was in the employ of defendant." Leave to so amend was given, but the amendment was not in fact made, and it is impossible to tell where the interpolation was to be made. But even had it been made in such connection as to indicate a pleading of some change in the contracts sued on, the words sought to be interpolated would not show what changes had been made in those contracts, and would show no right to recover in the respects referred to. So far as the verdict is founded on commissions on unpaid purchase-money, it is excessive and does not respond to the issues.

The record also discloses that the jury allowed interest on the different items from the dates of the respective transactions. This was contrary to one of the instructions, and in that respect the verdict was contrary to law, whether or not the instruction was correct. (*Aultman v. Reams*, 9 Neb. 487; *Omaha & R. V. R. Co. v. Hall*, 33 Neb. 229; *Standiford v. Green*, 54 Neb. 10.)

There were received in evidence over the objections of defendant a number of letter-press copies of letters addressed by plaintiff to defendant. If they were genuine the originals were presumably in possession of the defendant. They were not accounted for, nor was any notice given to produce them. Such copies are secondary in their nature. (*Delancy v. Errickson*, 10 Neb. 492; *Ward v. Beals*, 14 Neb. 114.) In the latter case the court refused to reverse a judgment for a similar error because no prejudice appeared. All the facts except one disclosed by the copies being otherwise fully established, and that one being immaterial, that view was proper. Here, however, the letters related to matters directly in issue and also tended to show that plaintiff had been persistently seeking a settlement which defendant seemed to be evading. They were very prejudicial in their character.

REVERSED AND REMANDED.