## BAIRD *et al.* v. GLECKLER.

Plaintiff claimed that defendant had promised to pay a certain sum on his procuring a contract for the sale of his land, and that he had done so. Defendant contended that he had so promised provided the sale as agreed on should be consummated. *Held*, that the question whether the contract of sale could be legally enforced was immaterial, under the issues, and an instruction that it was invalid was misleading and prejudicial.

(Opinion filed October 18, 1898.)

Appeal from circuit court, Hughes county.   Hon. LORING E. GAFFY, Judge.

Action by Wm. F. Baird and others, co-partners as Baird, Burke & Brown, against William H. Gleckler, for services performed in effecting a contract for the sale of land.   From a judgment for defendant, plaintiffs appeal.   Reversed.

The facts are stated in the opinion.

*Horner & Stewart*, for appellants.

*Shunk & Hughes*, for respondent.

HANEY, J.   Plaintiff's were co-partners engaged in business as real estate brokers at Pierre.   Defendant resided and owned an interest in certain realty in the same place.   Brown, acting for plaintiffs, called upon defendant, ascertained his price and terms of sale, and informed him that he knew of a purchaser.   Thereupon they proceeded to the office of P. F. McClure, where it was agreed that McClure would purchase defendants interest in the property for $11,000,—$5,500 cash upon delivery of deed, and balance in one year, with interest at 8 per cent., secured by mortgage on the premises.   Such understanding having been reached, Brown, claiming to have

234        BAIRD *et al. v.* GLECKLER.

been instrumental in effecting the same, demanded compensation for his services. After more or less conversation on the subject, it was agreed between defendant and Brown that the former would pay $150. Here arises the only controversy between the parties. Under the evidence, it is clear that an express contract was entered into between the defendant and Brown, the only dispute being as to its terms. Brown testifies that defendant promised unconditionally to pay $150. The defendant testifies that he promised to pay $150, provided the sale as agreed upon should be consummated. Subsequently, and on the same day, McClure gave Brown a check for $500, which was immediately delivered to defendant, who, with plaintiffs, signed a writing wherein the receipt of $500 is acknowledged and the terms of sale recited as heretofore stated. The jury returned a verdict for defendant, plaintiffs applied for a new trial, which was denied, and they appealed to this court.

This is not a case wherein a broker was employed as such and entitled to his commission by having procured a party, ready, able, and willing to purchase upon the owner's terms, as in Scott v. Clark, 3 S. D., 486, 54 N. W. 538, and other cases heretofore decided by this court. It is immaterial what relation existed between defendant and Brown prior to the meeting at McClure's office. Both Brown and defendant testify to the making of an express contract, which must, when its terms are ascertained, determine the rights of the parties. Under the evidence, there were only two questions to be determined. If defendant's promise was unconditional, plaintiffs should have recovered; if it was conditioned upon the consummation of the sale as agreed to by defendant and McClure, plaintiffs should not have recovered unless the sale was so consummated.

In charging the jury the court said: ·"I will say to the jury as a matter of law, I do not believe the evidence shows such a sale to McClure as would have bound McClure. I do not believe the evidence shows such a sale to McClure as would have allowed Gleckler to enforce that sale against him under the law. This instruction is asked for by the defendant, and is given by the court." Thereupon a juror remarked: "Will you repeat that?" and the court continued: "I do not believe the sale as testified to between these parties was such a sale as the law would enforce; in other words, I do not believe that the court would oblige P. F. McClure to have complied with this sale, if action had been brought upon it." These words of the court were evidently regarded as important by one juror, at least, and his interruption and their repetition must have attracted the especial attention of the other jurors. They might reasonably have been construed as expressing the opinion of the court to the effect that, because the contract of sale could not be enforced against McClure, Brown's services were of no value whatever; and, if this allusion to that feature of the transaction was irrelevant, it cannot be regarded otherwise than prejudicial to the rights of the plaintiffs. As the evidence stood at the conclusion of the trial, it was wholly immaterial whether or not defendant could have enforced his original agreement with McClure. When he promised to pay plaintiffs, he knew what had been done, There is no suggestion of fraud or mistake. Brown had brought the parties together, for which service, then fully performed, defendant promised to pay $150. He might have made the same promise in the absence of any agreement with McClure. If, as contended by plaintiffs, the promise was un-

qualified, the legal character of the transaction between de- . fendant and McClure was certainly immaterial; and if as contended by defendant, he was to pay if the sale as agreed upon was consummated, the question as to whether or not the defendant could compel McClure to complete the transfer was equally immaterial. Assuming such to have been the promise if the sale was in fact consummated, the condition of the promise was complied with and defendant was liable. If the sale was not consummated, such condition was not complied with and he was not liable. Defendant's promise, whether absolute or conditional, was based upon the conditions as they then existed. The enforcement of the contract of sale by legal proceedings could not have been contemplated by either Brown or the defendant. The case would be essentially different had Brown been employed to make a sale, and failed to secure an enforceable contract. Defendant was present, acting for himself, and entirely satisfied with the situation. He should be compelled to comply with his contract according to its terms. Concerning its terms the evidence was conflicting, and the interjection of the remarks of the court regarding the original transaction between defendant and McClure was well calculated to influence the jury in reaching a conclusion upon that material issue. In view of what has been said it is unecessary to allude to other assignments of error. The judgment and order appealed from are reversed, and a new trial ordered.