## N. FRANKHOUSER v. J. J. NEALLY.

### No. 399.

JURY—*Disregard of Instructions.* Where, from the special find-
ings and the general verdict, it appears that the jury disregarded
an instruction given by the trial court concerning a material mat-
ter in issue, the judgment based on such verdict must be reversed.
(*Irwin v. Thompson*, 27 Kan. 643.)

Error from Osage district court; WILLIAM THOM-
SON, judge. Opinion filed July 21, 1899. Reversed.

*Pleasant & Pleasant*, for plaintiff in error.

*Isaac Farley*, and *L. T. Wilson*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: In this case J. J. Neally recovered
judgment before a justice of the peace of Osage
county, in 1890, against N. Frankhouser, who was
then sheriff of that county, the action being on an
implied contract for the value of 1200 bushels of corn
improperly seized and sold by the sheriff under an
execution against W. L. Neally, W. Z. Neally, and
George W. Neally. The defendant appealed to the

district court, where, at the June term, 1890, the
plaintiff obtained judgment in the sum of $172.64.
That judgment was reversed by the supreme court.
(*Frankhouser v. Neally*, 54 Kan. 744, 39 Pac. 700.)
The action was again tried in the district court of
Osage county on November 21, 1890, resulting in a
verdict and judgment for the plaintiff below.   The
defendant filed no pleading.   The jury in the last
trial allowed $168 for the value of 1200 bushels of
corn at fourteen cents per bushel, and $59.36 as in-
terest on the value of the corn, and found specially
that the sheriff levied on and sold 1200 bushels of
corn, while the sheriff's return on the execution
showed that he sold 945 bushels and 60 pounds at six
cents per bushel.

The jury also found that the value of the corn at
the time it was sold was fourteen cents per bushel;
that the corn, which was in an uncovered pile in a
pasture, was not in a marketable condition at the
time of the sale by the sheriff, for the reason that a
herd of cattle had broken in and trampled on the
corn and had eaten a considerable quantity thereof
before the sale, but that there was no evidence as to
how much was eaten.   There was evidence that the
plaintiff accepted from the owner of the cattle which
had damaged the corn a certain sum in settlement of
the claim for such damages.   The testimony showed
that the highest market value of marketable corn was
fourteen cents per bushel.   The court instructed the
jury that they should take that fact into account in
estimating the amount of the plaintiff's recovery, and
that he was not entitled to recover "more than the
value of the corn that was left and in its said dam-
aged condition."   A witness for the defendant testi-
fied that the cattle were at the corn four different

nights, and that the whole pile of corn was injured, and that from three to four hundred bushels were destroyed.

While, under the evidence, the plaintiff was entitled to a recovery for the value of the corn, it is clear that some of the special findings of the jury are inconsistent, and in certain respects contrary to the evidence. It is apparent, also, that the jury overlooked or disregarded the court's instruction to the effect that they could allow for the value of the corn in its damaged condition only. It is evident, also, from the general verdict that no allowance in the defendant's favor was made on account of the money received by the plaintiff for damage done to the corn by the cattle.

As the record stands, we are unable to modify the judgment. It will therefore be reversed, and the cause remanded for a new trial.