## ASSUMPTION OF RISK DOES NOT INCLUDE THE RISK OF NEGLIGENCE.

Court of Appeals for Mahoning County.

PENNSYLVANIA COMPANY V. MATTIE A. WASSON, ADMINISTRATRIX.

Decided, November Term, 1914.

*Locomotive Engineer Violates Rule of the Company as to Speed—Runs into an Open Switch and is Killed—Nature of the Risk He Assumed —Liability of the Company—Refusal of Jury to Reduce Verdict on Account of Defendant's Own Negligence—Not Cured by a Remittitur.*

1. In an action for the death of the engineer of an interstate passenger train, by coming into collision with another train, which collision was caused by the negligence of the railroad company in failing to set a switch for the proper track, and by the negligence of the deceased in operating his train over the switch at a greater rate of speed than that allowed by the rules of the company, of which he had knowledge; *Held*: That the deceased, in operating the train in violation of the rules, did not assume the extraordinary risk of the negligence of the company of which he had no knowledge, and that the company can not avail itself of the defense of assumption of risk.

2. When a recovery under the federal employer's liability act of 1908 is asked against a railroad company operating an interstate railroad, for the death of an employee, which was caused by the combined negligence of the employee and the company, and it appears, from the answers to interrogatories submitted to the jury and returned with the general verdict, that the jury, in disregard of the instructions of the trial court, did not diminish the amount of recovery in proportion to the negligence attributable to such employee, but returned a verdict for full damages; *Held*: Reversible error, and a judgment should not be entered thereon against the objection of the defendant. notwithstanding the plaintiff entered a remittitur of a part of the verdict.

*Arrel, Wilson, Harrington & DeFord,* for plaintiff in error.
*William J. Kenealy,* contra.

POLLOCK, J.; METCALFE, J., and SPENCE, J., concur.

The defendant in error brought an action in the court of common pleas of this county against the plaintiff in error to recover

damages for the death of her intestate, James W. Wasson, which she claims was caused by negligence of the plaintiff in error.

The defendant below pleaded both assumption of risk and contributory negligence on the part of the intestate of plaintiff below, and in addition by cross-petition damages for the property destroyed in the collision.

On May 27, 1913, the Pennsylvania Company was operating an interstate railroad from Newcastle, Pennsylvania, westerly through Niles, Ohio, to Alliance. What was known as the Boanna tower was located about two miles west of Niles. At this tower the double tracks of the Pennsylvania Company are connected with the double tracks of the Baltimore & Ohio Railroad by two long connecting tracks about 6,000 feet in length. At this tower there was located an interlocking plant, and the single track of the Pennsylvania Company, known as the Alliance Branch, is connected with the two main tracks above referred to by a switch. The Alliance Branch tracks extend from a switch point in front of the tower westerly alongside the eastbound connecting track for a distance of about 1,000 feet. The switch point connecting with the eastbound track is about in, front of the tower. Four hundred feet east of the tower on the night in question was a green dwarf signal light, and the same distance west of the tower was located another signal light.

On the night of May 27, 1913, the towerman had left the switch connecting the eastbound track with the eastbound main track open and the switch connecting the Alliance Branch with the east bound main track closed.

It is admitted by the company that the towerman was negligent in leaving the switches in this condition; that the switch connecting the Alliance Branch with the eastbound main track should have been open and the switch connecting the eastbound connecting track with the west bound main track closed.

The rules of the railroad company provided that trains should not be operated through this interlocking plant at a speed exceeding ten miles per hour.

On the night of May 27, 1913, Wasson was in the employ of the Pennsylvania Company as a locomotive engineer, running one of its interstate passenger trains west from Newcastle to Alliance,

Ohio, over its tracks connecting with this interlocking plant. Wasson, on this night, in violation of the rules of the company, operated his train through this interlocking plant at a speed exceeding twenty miles an hour. Just after passing over the point of the switch he discovered that he was not on the Alliance track but was on the eastbound connecting track, and attempted to stop his train, but on account of the excessive speed at which he was operating his train it could not be stopped before coming into collision with a train standing upon the eastbound connecting track. In this collision a large amount of the property of the Pennsylvania Company was destroyed, and Wasson was killed.

This collision was caused by the negligence of the towerman in permitting the switch to be open from the eastbound connecting track to the eastbound main track, when this switch should have been closed, and the switch connecting the Alliance Branch with the eastbound main track open; and also by the engineer Wasson in operating his train past this point, in violation of the rules of the company, at such a high rate of speed that it could not be stopped in time to avoid the collision:

In the application made by Wasson for employment with the defendant company, he agreed to observe all the rules and regulations of the defendant below. The rules prohibiting him from operating the train past the interlocking plant at a greater rate than ten miles an hour were found in his pocket after his death.

The trial court refused to submit to the jury the question of assumption of risk and the question of the defendant's damages claimed in the cross-petition, but submitted to them the question of Wasson's contributory negligence. The court charged the jury that the defendant company was guilty of negligence in failing to set the switch for the right track, and that Wasson was guilty of contributory negligence in failing to obey the rules of the company by passing over the interlocking switch at a higher rate of speed than was permitted by the rules of the defendant company, and charged comparative negligence under the federal employer's liability act of 1908, and that the damages should be diminished by the jury in proportion to the amount of negligence attributable to Wasson.

The jury returned a general verdict for plaintiff below in the amount of $10,000, together with answers to interrogatories finding that Wasson was not negligent and that the jury did not reduce the amount of damages on account of the negligence of deceased. The court on motion for a new trial, refused to set aside the verdict of the jury on the ground that they had disobeyed the instruction of the court that Wasson was guilty of contributory negligence and directing that the jury should diminish the amount of recovery in proportion to the negligence attributable to Wasson and return a verdict for that amount, but the court allowed the plaintiff below to enter a remittitur of $4,000 and then overruled the motion for a new trial and entered judgment for $6,000.·

The first error complained of is in the court's refusal to submit to the jury the question of assumption of risk. It is admitted that the failure of the tower man to properly operate the switch was not a violation of any statute, and that the common law rule of assumption of risk controls on interstate railroads, unless the accident is caused by the violation of a statutory law.

This brings us to a consideration of the question whether Wasson, when he violated the rules of the company in the operation of his train, assumed the extraordinary risk arising from a negligent act of his employer of which he had no knowledge, or was guilty of contributory negligence.

Assumption of risk, unless it is an express provision, rests upon the implied or inherent conditions of the contract of employment, and no right of action exists to the employee for injuries caused by risks ordinarily incident to the employment or by extraordinary risks comprehended by the employee. *Narramore* v. *Cleveland, C., C. & St. L. Ry.*, 96 Federal 298; *Atchison, T. & S. F. Ry.* v. *Bannard*, 66 Kansas, 81 (71 Pac., 253); *Chicago, B. & Q. R. Co.* v. *Shalstrom*, 195 Federal, 725.

The employee is ordinarily presumed to have had knowledge of and agreed to assume all the ordinary and usual risks of his employment, and also to have assumed all the extraordinary risks arising from the negligence of the employer which are known to and appreciated by him, if after comprehending the dangers incident to such negligent acts of his employer he continues in his service.

The Court of Appeals of Indiana, in *Columbus Cresoting Co.* v. *Baird*, 44 Indiana App., 810 (89 N. E., 321), say:

"Assumption or risk involves no act of negligence whatever on the part of the injured party, but arises out of the contractual relations of the parties, and involves an injury arising from some danger incident to his employment, or of which he had knowledge, actual or constructive, when he entered upon the performance of the things he was doing when the injury occurred, the risk of which the injured party is presumed to have agreed to assume."

It thus appears that the defense of assumption of risk is based upon the actual or presumed knowledge that the employee had of the conditions which resulted in his injury, and his assuming these conditions by his contract.

Contributory negligence, on the other hand, involves an act, cr the omission to act, on the part of the employee. It is negligence on the part of the employee in doing the work required of him which, in connection with the negligence of the employer, caused his injury. It involves the doing or the failure to do some act in the employment of the master which, in the exercise of ordinary care and prudence, the employee should not do or should do for his own safety.

Taft, Justice, in *Narramore* v. *Cleveland, C., C. & St. L. Ry. Co., supra,* distinguishes assumption of risk and contributory negligence as follows:

"Assumption of risk is in such cases the acquiesence of an ordinarily prudent man in a known danger, the risk of which he assumes by contract. Contributory negligence in such cases is that action or non-action in disregard of personal safety by one who, treating the known danger as a condition, acts with respect to it without due care of its consequences."

Again, *Labatt's Master and Servant,* Section 1219, says:

"Since the conception underlying the servant's assumption of a known risk is essentially that of an implied agreement to accept the responsibility for any bodily hurt which may result from his exposure to that risk, and the theory upon which contributory negligence is held to preclude him from recovery is that he was guilty of imprudence in the premises, and that this

imprudence was partially or entirely the cause of his injury, the differentiation of the two defenses in practice would seem to present no great difficulties.''

Other citations might be referred to which define and explain assumption of risk and contributory negligence, but we think the above will suffice to explain the legal principles involved in the two defenses.

Now, applying the facts in the present case to these principles we find that Wasson had no knowledge of the negligence of the company in operating the switch, and for that reason the company can not avail itself of the defense of assumption of risk. When he violated the rules of his employer in the operation of his train he assumed all the ordinary risks arising from his negligent operation of his train, but he did not assume the extraordinary risks caused by the active negligence of his employer of which he had no knowledge.

The Supreme Court of Colorado, in passing upon the liability of an employer for injuries arising from the violation of the rules of the employer, held that:

''The decedent assumed the risks of dangers incident to his violation of the rules which he knew or could have known of by the exercise of ordinary care.'' *Elkton et al, Co.* v. *Sullivan*, 92 Pac., 679.

.Wasson was guilty of negligence in operating his train and the company was guilty of negligence in not properly setting the switch, and the two acts of negligence combined caused the injury.

''The accepted doctrine is that if the evidence clearly shows that the injury complained of was caused by the servant's violation of a rule promulgated for the protection of the class of employees to which he belonged, under such circumstances as those attending the accident, a court is justified in declaring him to have been, as a matter of law, guilty of contributory negligence, provided that the rule in question was valid and reasonable.'' *Labatt's Master and Servant,* Section 1281.

In an action where the plaintiff, a brakeman on a freight train, had gone between the cars for the purpose of coupling them, in

violation of the rules of the company, the federal court of appeals, in *Gleason* v. *Railroad Co.*, 73 Federal, 647, held that:

"The plaintiff was guilty of such contributory negligence as to bar any recovery from the railroad company for his injuries, even if the presence of the grade stake constituted negligence."

Wasson, in violating the rules of his company by operating his train at a greater speed than that allowed by the rules, was guilty of negligence and assumed all the dangers ordinarily incident to the dangerous mode in which he was operating his train, but he did not assume the extraordinary dangers caused by the negligence of the defendant which were unknown to him. We think there was no error in the court's refusing to submit to the jury the question of assumption of risk.

It is further urged that the court below erred in not setting aside the verdict because of the jury's refusal to obey the instruction of the court to diminish the recovery in proportion to the amount of negligence attributable to Wasson, and in entering judgment on the verdict after the plaintiff below had entered a remittitur.

The federal statute already referred to reads as follows:

"That in all actions hereafter brought * * * the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

·The jury was instructed by the court that the defendant below was guilty of negligence and that Wasson was guilty of contributory negligence, and that they should determine the amount of damages under this statute. This the jury refused to do, but returned a verdict for the full amount of damages, and in answer to an interrogatory they said they did not reduce the damages by reason of the negligence of Wasson. This was in direct violation of the charge of the court.

"Where, from the special findings and the general verdict, it appears that the jury disregarded an instruction given by the trial court concerning a material matter in issue; *Held*: That the judgment based on such verdict must be reversed." *Frank-*

*houser* v. *Neally,* 57 Pacific, 980. To the same effect is *Westinghouse Electric Co.* v. *Tilton,* 76 N. W., 416; *Limburg* v. *Insurance Co.,* 23 L. R. A., 99.

The record in this case clearly establishes the negligence of the company in failing to properly set its switch, and the contributory negligence of Wasson in disobeying the rules by operating his train at such a high rate of speed through the interlocking switch. The instruction of the court to the jury was correct. This is not challenged by the defendant in error, and even if it was not correct the verdict of the jury should be set aside for a violation of the instructions of the court, unless these instructions are challenged and disputed. *Drew* v. *Insurance Co.,* 61 N. W., 34; *McAllister* v. *Coal Co.,* 78 Pacific, 595.

The question presented by this verdict is not one of excessive damages which the court may modify by a remittitur, but it presents a question of the jury's failure to return a verdict under the statute in this case. The statute requires that, where the employee is guilty of contributory negligence, the jury shall diminish the damages in proportion, to the negligence of the employee. This it failed to do. By entering judgment after a remittitur had been made, the court was not reducing an excessive verdict, but was determining a question of fact which the law required the jury to determine. This we think the court could not do.

The judgment of the court below is reversed for failure of the jury to obey the instructions of the court in determining the amount of damages.