THOMASON, Appellant, v. BRITIAN, et al., Respondents.

(183 N. W. 544.)

(File No. 4540.   Opinion filed June 23, 1921.)

1. **Verdict—Agent for Land Exchange, Owner's Defense Re Commissions, Fraudulent Representations Re Title to Exchanged-for Land—Verdict For Agent as Finding Re Fraud.**

In a suit on a note covering alleged commissions due plaintiff as defendant's agent for sale or exchange of his lands for other lands, defended against on ground that plaintiff agreed to procure good title to a tract exchanged for, but failed to do so, for damages for which failure defendant counterclaimed, held, that verdict for plaintiff amounted to jury's finding for him on issue of fraudulent representations.

2. **Brokers—Land Exchange Commission—Agent's Contract to Procure Title to Exchanged-for Land—Failure of Title, Owner's "Ability" to Comply, Immateriality of, Re Agent's Right to Commission.**

Where an agent for sale or exchange of defendant's land for other land, agreed to procure good title to a tract sought to be exchanged for, the question whether the owner of such tract was "able" to carry out his contract was immaterial in a suit by agent on a note given to cover commissions; such inability being based on fact that owner of the tract had no title.

3. **Damages—Recovery for Land-exchange Agent's Commission—Agent's Agreement to Procure Good Title—Verdict For Fraction of Commission Note, As Evidence of Title Agreement—Non-prejudicial Error.**

Where, in a suit by an agent for exchange of defendant's lands for other lands, to recover on a note given to cover commissions, defense is on ground that plaintiff failed to fulfill his agreement to procure good title to an exchanged-for tract, held, the jury, in finding for plaintiff for but a fraction of the amount demanded, are presumed to have found such agreement to have been entered into, hence plaintiff had not earned his commission and was not entitled to recover; and he was not prejudiced by smallness of verdict.

Appeal from Circuit Court, Fall River County.   Hon. LEVI McGEE, Judge.

Action by George Thomason, against A. R. Britian and others, to recover on a promissory note; A. R. Britian being treated on appeal as sole defendant.   From a judgment for Plaintiff, and from an order denying a new trial, Plaintiff appeals. Affirmed.

*Elnathan B. Adams,* for Appellant.
*Wilson & Wilson,* for Respondents.

WHITING, J.  'Action to recover on a promissory note given plaintiff by the defendants.  This action may be treated as though A. R. Britian was the sole defendant, and we so treat it.  Defendant claimed that plaintiff was employed by him as a real estate agent to act in his behalf in making a sale or exchange of a tract of land belonging to him in Missouri; that plaintiff found one Barham who was willing to exchange, for defendant's land, two small tracts of land, one situate in Missouri and the other in Kansas; that a contract for such exchange was entered into between Barham and defendant, and deeds deposited in escrow to be delivered when abstracts were furnished showing clear title; that the agreed commission for plaintiff's services was to be $700, of which defendant paid $50 before giving the note in suit; that, after such abstracts were furnished for defendant's land and for the Missouri tract of Barham's land, plaintiff, by fraudulently reporting to defendant that he could and would procure for defendant a perfect title to the Kansas land—the title of which appeared, by an abstract furnished, to be in a third person—induced defendant to give to him the note in suit in settlement of the agreed commissions which plaintiff was to receive for carrying out in full his agreement; that said agreement included seeing that defendant received perfect title to both tracts of land; that it was understood that defendant could not and was not to pay the note until defendant got title to the Kansas land; that, relying upon plaintiff's promises, defendant conveyed his land to Barham, and received from Barham the deeds to the two tracts of land; that the tract of Kansas land was worth $1,500; that plaintiff has failed to procure for defendant any title to the Kansas land; and that, because of his failure to get title to such tract of land, defendant has been damged in the sum of $1,500, which he sought to be allowed as a counterclaim.

Plaintiff claimed that, as the agent of defendant, he procured for defendant a party with whom defendant entered into a written contract for the exchange of their lands; that, as compensation for his services, he was to receive the sum of $500; that he never contracted to see that defendant got a perfect title to either tract of land; that, when defendant entered into the written con-

ract with Barham, plaintiff's said commission was .fully earned, regardless of whether such contract was afterwards fully consummated or not; that, after defendant received title from Barham to the one tract of land, he (plaintiff) as agent for defendant, assisted in the exchange of such tract of land for a tract of land in South Dakota, for which services he was to receive the sum of $200; that, in settlement of the said sums due him, he received from defendant the sum of $50 cash and the note now sued upon for $650; that he did not procure said note through any fraudulent representations.

Defendant denies that plaintiff performed any services for him, or was ever entitled to any commission, in connection with the trade for the South Dakota land.

Verdict and judgment were for plaintiff in the sum of $60. From such judgment and an order denying a new trial this appeal was taken.

[1] Inasmuch as there was a verdict for appellant, it is clear that the jury found with him on the issue of fraudulent representations.

[2] As noted above, one of appellant's contentions is that his commission on the original trade was fully earned when he brought Barham to respondent and respondent entered into a written contract with him. He has assigned as error the refusal of the court to instruct in accordance with such contention. Respondent contends that the law is not as claimed by appellant; that, even where the parties enter into a written contract, the agent has not earned· his commissions unless the party he has found is "able" to carry out the contract. It appears that Barham was unable to carry out the contract because of the fact that he had no title to the land.

We find it unnecessary to determine the question of law presented by the assignment above referred to. It is clear that the rule of law so contended for has no application where there is an express contract that the payment of commission is to be dependent upon the full performance of the written contract by the party with whom the agent's principal has contracted. Baird v. Gleckler, 11 S. D. 233, 76 N. W. 931. In fact, this rule of law is conceded by appellant, as he asked for one instruction in line therewith.

[3] Inasmuch as appellant, under the instructions given, was entitled to recover the full amount of the note unless his right of recovery rested upon the condition that title to the Kansas land was made good, we must assume that the jury found such agreement to have been entered into. It follows then that appellant had not earned his commission when the note was given; and, under the agreement which respondent claims was then entered into, and which agreement we must assume the jury found to have been entered into, the appellant has never been entitled to rcover on the note.

Appellant is therefore not wronged by the smallness of the verdict; and the judgment and order appealed from should be, and are affirmed.