KLEIN MANUFACTURING COMPANY, APPELLANT, V. GLENDALE MORGAN, APPELLEE.

Filed January 13, 1922. No. 21915.

Master and Servant: SALES: COMMISSIONS. Where the agreement between the selling agent and his principal provides that commissions are earned and payable only in the event of payment of the purchase price by the persons to whom the agent may sell, the agent is not entitled to a commission if the buyer fails to pay.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed, with directions.*

*Crane, Boucher & Sternberg,* for appellant.

*William M. Burton, contra.*

Heard before MORRISSEY, C. J., ALDRICH and FLANSBURG, JJ., HOSTETLER and MORNING, District Judges.

HOSTETLER, District Judge.

The plaintiff in its petition alleges that, under and by virtue of a written contract of sales agency, it had advanced to defendant $526.38; that the commissions earned by him amounted to $62.01 only, and judgment was prayed for the difference, $464.37.

The defendant filed an answer and counterclaim. There were two causes of action alleged in the counter-claim. In the answer the defendant admits the execution of the contract, and that in pursuance of the terms of the contract he placed certain orders for plaintiff's goods, and admits that plaintiff had advanced to him the sum of $526.38. For further answer defendant denies that the commissions earned by him amounted to only $62.01, and denies that he was in any way indebted to the plaintiff.

Defendant in his first cause of action alleges that, by virtue of his contract of employment, he sold goods for plaintiff and earned commissions in the making of such sales to the amount of $551.07 over and above the sum advanced to him by plaintiff. For this sum defendant demands judgment.

For his second cause of action defendant charges fraud and misrepresentation in the making of the contract, and that the conditions of the territory were misrepresented to him, and that he was thereby compelled to sell goods for Platner Lumber Company, and that the reasonable value of his services for said Platner Lumber Company in selling such goods was the sum of $500.

The plaintiff for reply admits receiving the Kraus orders, but charges that it was compelled to take back part of the goods sold, and that for such goods defendant was not entitled to a commission. Plaintiff also admits the receipt of the Platner Lumber Company orders, but alleges that said company canceled said orders and refused to receive the goods. Plaintiff further denies generally the allegations of the answer and counterclaims not admitted.

At the trial the plaintiff admitted that the defendant

had earned the commissions claimed on the Kraus orders and on the mail orders. The amount of these orders was $526.38, and just equalled the sum of money plaintiff had advanced. These items, therefore, being conceded, need not be further considered in this opinion. This leaves for consideration in defendant's first cause of action only the Platner Lumber Company commissions. Plaintiff denies that defendant ever earned such commissions under the contract.

The case was tried to a jury, and at the conclusion of the evidence the trial judge stated that there was no dispute as to the facts, and accordingly he discharged the jury and rendered judgment. The trial court allowed the Platner Lumber Company commissions and rendered judgment therefor against the plaintiff, and plaintiff excepted and appeals to this court. The court found for plaintiff on defendant's second cause of action, and defendant excepted and appeals to this court.

To support his second cause of action, defendant offered in evidence exhibit 10, being a letter from plaintiff to defendant. Defendant contended that by said letter he was employed to sell metal crete for Platner Lumber Company. The offer was objected to and the trial judge sustained the objection. His ruling was correct. Nothing in exhibit 10 can be construed into an employment of the defendant by the plaintiff to sell metal crete for Platner Lumber Company at the expense of plaintiff.

Defendant further offered to prove that the measure of his damages, because of alleged misrepresentations by plaintiff at the time the contract was executed, was the reasonable value of his services in selling a quantity of metal crete for Platner Lumber Company. An objection to this offer was sustained. This ruling was in accordance with the law. Plaintiff had employed defendant to sell metal crete for it, and not for Platner Lumber Company. If defendant performed services for Platner Lumber Company, they should pay him. By no rule of law could the value of defendant's services in selling goods

for Platner Lumber Company, under the evidence in this case, become the measure of defendant's damages.

The findings and judgment of the court as to his disposition of defendant's second cause of action are approved.

We then have left for consideration only the Platner Lumber Company commissions. The undisputed evidence shows that the defendant procured two orders from Platner Lumber Company for metal crete; that there was written upon these orders, "No countermand accepted;" that these orders were sent to plaintiff by the defendant; that, before these goods were shipped, Platner Lumber Company wrote plaintiff as follows:

"Gentlemen: Since we gave your Mr. Morgan an order for metal crete we have felt that he might not be able to carry out his part of the contract, which caused us to place the order for the car with him, and that was that he agreed to market that part of the car during the summer which we were not able to ourselves dispose of, and before you allow the car to be shipped we would like to have your confirmation of this agreement and unless you are able to give it we will have to ask you to cancel the car."

In reply to this letter plaintiff wrote Platner Lumber Company, in which letter it answered the inquiry of defendant as follows:

"We try to dispose of as much as possible and keep a salesman in the territory and follow up every job possible, but we will not guarantee to dispose of one pound, as we consider this very unbusinesslike and we do not propose to go into any arrangement or make any shipments and afterwards have a controversy."

In reply to this letter Platner Lumber Company wrote plaintiff as follows:

"Gentlemen: We are in receipt of your letter of March 13th in regard to the car now ordered and seems that your understanding is not the same as Mr. Morgan's, and inasmuch as our experience with specialties

of this kind has not been very satisfactory, without a definite statement from the manufacturers, we will ask you to .cancel the order outright." ·

There was considerable correspondence between plaintiff and defendant as to the Platner Lumber Company order. Plaintiff requested defendant to take the matter in dispute up with said company and adjust the same. Defendant replied in part:

"It makes no difference to me what they say. I know the circumstances of the order. If you had delivered the material when it was ordered you would have had the money and I would have had my commission. As it is, everybody loses. I wouldn't be bothered even calling on Platner."

The ·matter was never adjusted with Platner Lumber Company. It canceled the orders and refused to accept the goods. The goods were not shipped. Plaintiff is not shown to have been at fault for the cancelation. There is nothing in the agency contract which requires plaintiff to guarantee that it will sell for its customers goods left on hand at the close of the season. Plaintiff had the right to refuse to make such a guarantee to Platner Lumber Company. Platner Lumber Company's letter, exhibit 7, shows that it canceled the orders because plaintiff would not make the required guarantee.

Under this state of facts, what are the rights of the parties as measured ˙by the agency contract?     Both parties admit the contract and every part thereof. The federal and state constitution's prohibit legislation impairing the obligations of contracts. The freedom to enter into contracts is one of the highest privileges of American citizenship. The right to have a valid contract enforced according to its plain meaning is accorded to every citizen. The 'courts are not called upon to make contracts for litigants. The contract in this case is unambiguous. The intent of the parties is expressed in

clear language. The court must enforce the contract according to its terms.

In the first paragraph of the contract it is provided that the defendant shall receive a commission on the net amount of sales made by him, which shall be accepted and filled by the party of the first part and *paid for* by the purchaser. The second paragraph relates to the advancing of expense money by plaintiff to defendant. The third paragraph of the contract is in the following language: "Commissions shall not be considered earned until the amounts have been paid by the purchaser. No commission shall be paid on goods returned by a customer." ·

The contract plainly says that defendant shall be entitled to commissions on the net amount of sales made by him which shall be accepted and filled by plaintiff and paid for by the purchaser; that the commission should not be considered earned until the amounts had been paid by the purchaser, and that no commission should be paid on goods returned by a customer. Platner Lumber Company has never paid the purchase price for the goods ordered.

According to the law of this state, plaintiff could not maintain an action against Platner Lumber Company under the facts for the purchase price of the goods. *Backes v. Schlick*, 82 Neb. 289; *Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co.*, 86 Neb. 623.

The agency contract did not require plaintiff to institute actions for damages against parties canceling their orders. It was to avoid just such expensive and uncertain proceedings that the provision, "no commission earned until purchase price of goods is paid by the purchaser," was placed in the contract.

In the case of *National Drill & Mfg. Co. v. Davis*, 29 Okla. 625, Clark and Skyles, Law of Agency, sec. 361, is quoted as follows: "Where the parties expressly agree that the agent's right to compensation shall depend upon certain contingencies or conditions precedent, an agent

cannot recover compensation for his services, unless all such contingencies have or have not happened, according to the agreement, or all conditions precedent prescribed by the contract have been performed or fulfilled."

It is also held by a large number of courts, as follows: "If the agreement between a selling agent and his principal provides that commissions are payable only in the event of payment of the purchase price by the persons to whom the agent may sell, the agent is of course not entitled to a commission if a buyer fails to pay." Note, Ann. Cas. 1915 B. 169. See *Hayner v. Trott,* 4 Kan. App. 679; *Westinghouse Co. v. Tilden,* 56 Neb. 129; *Stone v. Argersinger,* 53 N. Y. Supp. 63; *Aikins v. Thackara Mfg. Co.,* 15 Pa. Super. Ct. 250; *Thompson-Houston Electric Co. v. Berg,* 10 Tex. Civ. App. 200; *Blassingame v. Keating Implement & Machinery Co.,* 74 S. W. (Tex. Civ. App.) 344; *Park v. Mighell,* 3 Wash. 737.

Appellee has cited many cases, but necessarily in this class of cases each case must depend upon its own facts and contract. Some of the cases cited provide that the agent shall have a commission upon goods when sold. This is of course different than the contract in the case presented. The writer has carefully read and considered the cases, and finds no conflict in the law.

From the authorities cited, among which is the case of *Westinghouse Co. v. Tilden,* 56 Neb. 129, we conclude that the agency contract in this case does not, in view of the undisputed facts, entitle the defendant to recover commissions for the sale of the metal crete to Platner Lumber Company, and that the trial judge erred in allowing such commissions.

Since there will be no occasion for a new trial, the district court is directed to enter judgment after disallowing the Platner Lumber Company commissions.

REVERSED AND REMANDED.