NEEDHAM, Appellant, v. JAMESON, Respondent

(279 N. W. 536)

(File No. 8147. Opinion filed May 6, 1938.)

*Cherry & Braithwaite,* of Sioux Falls, for Appellant.
*Sioux K. Grigsby,* of Sioux Falls, for Respondent.

SMITH, J. The plaintiff seeks to enforce a contract under which he was to be paid "3½ per cent. on all sales" as a commission for services as a sales agent of defendant. After a verdict

for plaintiff, the trial court granted a motion of defendant for judgment notwithstanding the verdict, and plaintiff appeals.

Defendant was engaged in the business of distributing binder twine under a working agreement with a Chicago company, and engaged plaintiff as a sales agent. A portion of the agreement of the parties was reduced to writing, and reads as follows:

"It is agreed that Mr. M. B. Needham is to have 3½ per cent. on all sales of Binder Twine made for G. T. Jameson of the J. C. Groendyke Co. twine 'Circle G' for the year 1935 in the State of Iowa. Mr. Needham not to sell twine for any other firm during the year 1935."

Pursuant to their agreement, plaintiff and defendant traveled together through the Iowa territory soliciting orders, and were successful in procuring a considerable volume of business from various dealers. These orders were directed to and were signed by the defendant as distributor. The evidence was conflicting with reference to delivery. Plaintiff testified that the twine was to be shipped to the dealers. Defendant testified that it was to be placed in warehouses in the territory by the Chicago concern, and that the dealers were to call for it at such warehouses. Admittedly, a considerable portion of the twine ordered was never received or paid for by the dealers. The sole controversy between the parties deals with commissions upon this undelivered twine.

Plaintiff makes two contentions, namely: First, "That when plaintiff and defendant secured from various customers binding orders for the purchase of twine, and when defendant accepted those orders with full knowledge of all the facts and circumstances, that plaintiff thereby became entitled to his commissions, and that he had in effect produced purchasers who were ready, willing and able to purchase the twine;" second, "That in any event the defendant is liable for the commissions because under the evidence in this case the jury had a right to conclude that it was defendant's fault that delivery was not made."

In support of the first proposition, plaintiff cites a group of authorities holding that a broker has earned his commission when he has produced a customer ready, willing, and able to buy. We need not determine whether plaintiff was engaged as a broker. In any event, the rule of law for which plaintiff contends could have no application under the circumstances of the case at bar.

This court has had occasion to point out that this rule does not govern where the parties have entered into an express contract dealing with the agent's commission. In such a case, the rights of the parties are determined by the terms of their contract. Baird et al. v. Gleckler, 11 S. D. 233, 76 N. W. 931; Thomason v. Britian et al., 44 S. D. 238, 183 N. W. 544.

The parties have assented to certain words as binding upon them. It becomes necessary to determine the meaning of those words through the application of legal standards. Williston on Contracts, Rev. Ed., § 606; section 869 of the Revised Code of 1919. In the absence of a showing that words have been used in a technical sense, or that special meaning has been given to them through limited usage, they are to be understood in their ordinary and popular sense. Section 874 of the Revised Code of 1919. We are also enjoined by statute to interpret a contract so as to make it reasonable, section 873 of the Revised Code of 1919, and are permitted to view it in the light of the circumstances under which it was made. Section 877, Revised Code of 1919.

 The parties agreed that plaintiff was "to have 3½ per cent. on all sales." The word "sales" ordinarily signifies an agreement whereby the seller transfers property to a buyer for a price. Webster's New International Dictionary; section 1 of chapter 355 of the Session Laws of 1921; 23 R. C. L. 1186; 55 C. J. 37. The word is sometimes used, however, when reference is made to a contract to transfer property in the future. Webster's New International Dictionary. This record discloses no circumstance tending to indicate that the parties might have intended the word to convey its secondary meaning. On the other hand, circumstances do appear in the record which indicate that the parties must have used the word in its primary sense. Both parties were attempting to sell the goods of a third person. The plaintiff had worked with the defendant the year before, and was familiar with the nature of his business. The defendant, as well as the plaintiff, was attempting to operate on a commission basis, and could only reap a profit for himself through a "sale" in the primary sense of that word. It would, in our opinion, be unreasonable to believe that these parties intended that plaintiff should have a profit from their common labor under circumstances which would not produce a corresponding profit to defendant. We therefore conclude that the

No duplicate.

134

contract of the parties is susceptible of but a single construction, and that under its terms plaintiff had not earned commissions on twine which was not delivered.

■ It is equally clear that the second contention must be ruled against the plaintiff. The record discloses that a single theory of recovery was presented in the trial court, namely, that the plaintiff had earned his commissions when he presented the defendant with orders which the defendant accepted. The plaintiff sought recovery for the performance on his contract. No other issue was tendered or considered. Under the proposition now advanced, appellant attempts to hold defendant for damages for breach of contract. Westinghouse Co. v. Tilden, 56 Neb. 129, 76 N. W. 416; Stockton Commission Co., Inc. v. Narragansett Cotton Mills, Inc., D. C., 11 F. 2d 618. This court will not review a cause upon a theory not advanced and relied upon below. Reed et al. v. Boland, 31 S. D. 309, 140 N. W. 691.

The judgment of the trial court is affirmed.

All the Judges concur.