Moore v. Muller.

FRANK S. MOORE, APPELLEE, V. FRITZ MULLER, APPELLANT.

FILED JULY 31, 1924. No. 22950.

Appeal: HARMLESS ERROR. "This court will not reverse a judgment of the trial court for an erroneous instruction, when it appears from the whole record that the party complaining has not been prejudiced thereby." *Smith v. Roehrig*, 90 Neb. 262.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Fawcett & Mockett*, for appellant.

*Fred C. Foster, O. K. Perrin* and *S. M. Kier, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, and THOMPSON, JJ., and REDICK, District Judge.

DAY, J.

Action by Frank S. Moore against Fritz Muller upon an appeal bond signed by the latter. Defendant admitted the obligations of the bond, but pleaded a set-off to a part of the amount due. The matters constituting the set-off were denied by the plaintiff. The jury returned a verdict in favor of the plaintiff for $12,026.34, and also found against the defendant on his set-off. Judgment was rendered upon the verdict, and defendant appeals.

The set-off alleged in substance that the plaintiff was engaged in selling stock of the Huffman Brothers Motor Company, and that the plaintiff requested the defendant to go with him to Blue Hill, Nebraska, where the defendant was well acquainted, and introduce the plaintiff to the residents and assist the plaintiff in making sales of stock in the company; that the plaintiff agreed to pay the defendant for such services one-half of the commissions received by plaintiff on sales made at Blue Hill; that on account of the

efforts of the defendant the plaintiff obtained subscriptions for stock and collected from the residents of Blue Hill $73,500, upon which plaintiff was to receive a commission of 15 per cent., one-half of which was to be paid to the defendant; that no part of the amount due the defendant has been paid; and that there is owing to him on account of the services rendered $5,512.50, with interest.

The principal ground of error relied upon by the defendant for a reversal of the judgment is the giving of instruction No. 7, which reads as follows:

"One of the contentions of the plaintiff is that the defendant Muller is not the real party in interest. You are instructed that a lawsuit, such as this, must be brought in the name of the real party in interest; in other words, by the party who is entitled to the avails of the suit. If the evidence satisfies you that any recovery by the defendant on his set-off or cross-petition would not be the personal property of the defendant, then the defendant would not be entitled to recover."

It is argued by the defendant that the giving of this instruction was error, because there was no evidence to support the issue that the defendant was not the real party in interest. There was no evidence to justify the giving of this instruction. The plaintiff called the attorney for the defendant as a witness on this issue, and attempted to show that the Huffman Brothers Motor Company was the real party in interest. The testimony elicited from the witness utterly failed to establish that the defendant was not the real party in interest. It does not follow, however, that the giving of an erroneous instruction necessitates the reversal of a judgment. It is well settled that the giving of an erroneous instruction is not ground for reversal, unless it fairly appears it probably prejudicially affected the substantial rights of the complaining party. *Smith v. Roehrig,* 90 Neb. 262; *Stocker v. Stocker,* p. 565, *post.* We are quite convinced that the instruction, while erroneous, was not prejudicial.

It is next urged by defendant that the court erred in ex-

cluding certain proffered testimony of the witness Schmidt, who was called on behalf of the defendant. It appears, however, that later during the examination of this witness he was permitted to testify concerning the same matters which the sustaining of the previous objection excluded.

No substantial error appearing in the record, the judgment of the trial court is

AFFIRMED.

Note—See Appeal and Error, 4 C. J. p. 1029, sec. 3013.